UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROLYN WENDY HERZ, | ) | |
| | ) | NO. 1:18-cv-00001-WTL-MJD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP SIMON, | ) | |
| RICHARD L. YOUNG, | ) | |
| DAVID F. HAMILTON, | ) | |
| AJIT PAI, | ) | |
| MICHAEL O'RIELLY, | ) | |
| BRENDAN CARR, | ) | |
| FEDERAL TRADE COMMISSION, | ) | |
| MITCH MCCONNELL, | ) | |
| CURTIS HILL as Attorney General for the | ) | |
| State of Indiana, | ) | |
| EVAN BAYH, | ) | |
| EVAN GOODMAN, | ) | |
| FRANCES HILL, | ) | |
| MATTHEW HEADLEY, | ) | |
| MELISSA THOMPSON, | ) | |
| ORA PESCOVITZ a/k/a Carolyn H. Srivastava, | ) | |
| DENNIS SASSO, | ) | |
| GERALD BEPKO, | ) | |
| and DAVID KENNEDY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Action**

This action has been removed from the Marion Superior Court, where it had been docketed

as No. 49D10-1712-CT-046382. *See* Docket No. 1, citing 28 U.S.C. §§ 1442(a) (civil actions

brought against the United States, its officers, or agencies may be removed to the United States

District Court), 1446. Subsequent to removal, defendants were served with Plaintiff's amended

complaint, which she filed in state court. Her amended complaint adds four defendants to this

action. Plaintiff also filed a notice of voluntary dismissal as to one defendant. *Herz v. Simon, et*

*al.*, No. 49D10-1712-CT-046382, Marion Super. Ct. (Dec. 27, 2017). Meanwhile, this court ordered Plaintiff to show cause why her case should not be dismissed for her failure to satisfy outstanding obligations before the Seventh Circuit Court of Appeals and this Court that otherwise prevent her from litigating her claims.

Plaintiff responded, arguing in part that removal was improper because the United States included her original complaint instead of her amended complaint together with its removal notice. 28 U.S.C. § 1446(a) states that a defendant removing an action to federal court shall file a notice of removal in federal court, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." While the court could require the United States to cure this defect by filing Plaintiff's amended complaint, see 28 U.S.C. § 1447(b), to do so here would have no consequence. The government's failure to file the amended complaint in this Court prior to removal is a procedural, not jurisdictional, defect, and does not deprive this Court of authority over the case. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998-99 (7th Cir. 2011) (finding no impediment to district court adjudicating case where summonses were not timely filed with removal papers as required by 28 U.S.C. § 1446(a)); *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) (finding removal notice unaccompanied by complaint was effective where omission "was but a minor irregularity of no consequence" and where [t]he basic purpose of the § 1446(a) directive was neither frustrated nor unfulfilled"). While plaintiff's amended complaint is the operative statement of her claims, the government's failure to file it is certainly not cause to return this action to the state trial court as the Plaintiff demands. The removal stands.

Plaintiff is the same person as Carolyn H. Srivastava, a restricted filer in this Circuit and in this Court as explained in this Court's order of January 8, 2018. *See* Docket No. 6. That Order stayed these proceedings and directed Plaintiff to show cause no later than February 2, 2018 why this action should not be dismissed because restrictions have been imposed on her ability to file

papers in all federal courts. Plaintiff's January 31 response entirely fails to demonstrate that (a) her restricted filer status as referenced above has been altered or does not apply to the present action, (b) she could prosecute this action through the filing of documents in light of her restricted filer status, or (c) there is any reason to delay entry of final judgment.

Accordingly, this Court finds that the orders making Plaintiff a restricted filer prevent her from filing documents in this case. Because Plaintiff cannot proceed, this action is dismissed for failure to prosecute. To prevent further abusive litigation by Plaintiff, this dismissal is with prejudice.

Judgment consistent with this Order shall now issue.

IT IS SO ORDERED.


Date:  2/14/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana



Distribution by U.S. Mail to:

Carolyn Wendy Herz
3105 Lehigh Court
Indianapolis, IN 46268-1320

Distribution to electronically registered counsel via ECF.